CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 09 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN WILLIAM HALL, | ) | Criminal No. 7:13-cv-00465 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| HEATHER STEVENS, PA, | ) | By: Samuel G. Wilson |
| Defendant. | ) | United States District Judge |

John William Hall, a Virginia inmate proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983 against Heather Stevens, PA, a physician's assistant at Western Virginia Regional Jail (WVRJ), alleging she violated his constitutional rights by failing to take various measures to care for his back and shoulder pain. Before the court are Stevens' motion for summary judgment and supplemental motion for summary judgment. Finding the uncontroverted evidence shows that Stevens repeatedly evaluated and provided care for Hall's back pain, the court will grant her motions.

I.

Hall filed a bare-boned complaint, alleging Stevens "removed an extra mattress from [him] after doctor ordered it for back problems," failed to provide the findings of an X-ray taken of his lower back, and failed to take MRI or X-ray images of his upper back and shoulders. (Compl. at 2, ECF 1) Stevens moved for summary judgment with a supporting affidavit and various exhibits, addressing Hall's course of treatment at WVRJ. Hall responded, alleging the X-rays WVRJ performed were of his lower back and did "not show up disk problems." (Pl. Resp. at 1, ECF 22) The Magistrate Judge directed Stevens to file a supplemental motion for summary judgment addressing Hall's allegations that she failed to treat his upper back, neck, and shoulder complaints. (Order, ECF 24) Stevens filed a supplemental motion for summary

judgment as directed, along with another affidavit and numerous exhibits detailing Hall's medical history. Hall then filed a document requesting that the court review his medical records. The court has done so, and the uncontroverted evidence is as follows.[1]

Stevens evaluated Hall at least eight times from August 2012 until October 2013.[2] During his first appointment with Stevens for back pain–she had seen him previously for other medical complaints–Hall informed her that he has degenerative disc disease. She evaluated him, observed some tenderness in his back, and prescribed Tylenol and another medication. In late fall 2012, Stevens saw Hall again, this time for hip and back pain. Stevens felt spasms in Hall's lower back and ordered that he receive an additional mattress. In spring 2013, Stevens evaluated Hall to address complaints of shoulder pain, which she attributed "to his reported arthritis." (Stevens Aff. at 5, ECF 27-24) Because Hall showed signs of tenderness and had a mild muscle spasm, Stevens increased his Tylenol dosage and prescribed a muscle relaxant. Around that time, Stevens saw Hall on two occasions for unrelated medical issues, and during those visits Hall did not complain of back, hip, or shoulder pain.

In fall 2013, while taking Tylenol and a muscle relaxant as well as having an additional mattress, Hall submitted a medical request form complaining of back pain. WVRJ scheduled him for an X-ray shortly thereafter, but Hall missed that appointment.[3] The next day, WVRJ staff inspected Hall's cell and discovered he had been hoarding Tylenol and Zoloft, which presented safety concerns that required WVRJ medical staff to suspend those medications

---

[1] In support of her supplemental motion, Stevens submitted numerous excerpts of Hall's medical records from other institutions, which document his medical history and date back long before Stevens began providing him care. Those medical records are less relevant to the issue at hand. The court relies instead on Stevens' two affidavits and Hall's medical records pertaining to the care he received at WVRJ.

[2] It appears Hall may have been discharged from incarceration at WVRJ sometime in October 2012 and re-incarcerated there in February 2013. Stevens did not see him during that time.

[3] Hall maintains that he missed this X-ray appointment because he was in court that day. (See Pl. Add'l Ev. At 5, ECF 17)

2

pending further mental health evaluation. On the same day as the cell inspection, Stevens saw Hall in response to complaints of back pain. Because he had missed his X-ray appointment, she reviewed an X-ray taken just before she began treating him and determined that it showed only mild arthritis. In the absence of any new injury or back problem, Stevens found "no demonstrated medical need" for the additional mattress and discontinued it. (Stevens Aff. at 2, ECF 20-1) Within three days, WVRJ took an X-ray of Hall's lower back and informed him that the X-ray again showed mild arthritis. (See Pl. Add'l Ev. at 3, ECF 17)

Although the "imaging studies and evaluations demonstrated no significant findings," Hall continued to complain of back pain and "the decision was made to observe [Hall] while engaged in everyday activities to assess what impact, if any, his complaints of chronic back, hip, and shoulder pain had on his activities of daily living." (Stevens Aff. at 7, ECF 27-24) On two occasions, Stevens observed Hall raise his arms above his head, clasp his hands behind his back, walk up and down stairs, and punch the air, all without any sign of limited range of motion or discomfort. After each observation, Stevens nevertheless offered to re-start Tylenol and the muscle relaxant in crushed form as a safe alternative, but Hall refused. Hall did, however, request an additional mattress, which Stevens denied "on the grounds that no medical necessity was demonstrated." (Stevens Aff. at 8, ECF 27-24)

In her affidavit, Stevens states that the conservative course of treatment she offered Hall was "appropriate to his condition" given that "he showed no limitations on his daily activities" and "his complaints were consistent with the past medical history which he reported and which was evident in his records from outside providers." (Id.) For those reasons, Stevens concluded "no further imaging studies/evaluations were indicated." (Id.)

3

II.

Hall claims Stevens was deliberately indifferent for removing his additional mattress, failing to provide him the results of a lower-back X-ray, and failing to take an X-ray or MRI of his upper back and shoulders. Because the uncontroverted evidence shows that Stevens endeavored to evaluate and care for Hall's back and shoulder pain as well as to resolve his numerous medical complaints, and as such it falls far short of showing deliberate indifference, the court will grant Stevens' motions for summary judgment.[4]

The Eighth Amendment prohibits prison officials from acting with deliberate indifference to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (per curiam); Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). To prevail on a deliberate indifference claim, an inmate must allege he suffered a deprivation that was "objectively sufficiently serious" and "that subjectively the officials acted with a sufficiently culpable state of mind." De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003). This is "a very high standard" and a showing of mere negligence or medical malpractice will not suffice. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir.1999) (citation omitted). Instead, the official's conduct must have been so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. Militier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). The Eighth Amendment does not require "prison doctors to keep an inmate pain-free in the aftermath of proper medical treatment," Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996); Lewis v. Lappin,

---

[4] Stevens has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. A court should grant summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. F.R.C.P. 56(c). In considering a motion for summary judgment under Rule 56, the court must view the record as a whole and draw reasonable inferences in the light most favorable to the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986).

4

Nos. 3:10cv130, 3:10cv568, and 3:10cv684, 2011 WL 4961366, at *3 (E.D. Va. 2011), and a mere disagreement between an inmate and medical personnel regarding diagnosis or course of treatment does not state an Eighth Amendment claim. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990).

During a 13-month time period, Stevens evaluated Hall on at least eight occasions, prescribed various medications, increased his Tylenol dosage, reviewed his X-rays and medical records, and when he was found hoarding medications offered to provide his medications in a crushed form for his safety. Hall asserts that Stevens did not recount the results of his lower-back X-ray, but his own submissions show he learned from others that the X-ray showed mild arthritis. As for Hall's claims that Stevens failed to provide him an additional mattress and upper back imaging, those claims are nothing more than a mere disagreement about the proper course of treatment. Stevens' determination that an X-ray of Hall's upper back was not indicated is "a classic example of a matter for medical judgment." Estelle, 429 U.S. at 107. And even if her judgment was wrong this is not a forum to litigate its correctness. Id. at 106. Rather than deliberate indifference, it is clear that Stevens conscientiously endeavored to evaluate, diagnose, and respond to Hall's medical needs. The court will accordingly grant her summary judgment motions.

III.

For the reasons stated, the court grants the Stevens' motions for summary judgment.

**ENTER:** June 9, 2014.

_____
UNITED STATES DISTRICT JUDGE